NUMBERS 13-09-00509-CR


 13-09-00510-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


ALESSANDRA PENNA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 




On appeal from the 117th District Court
of Nueces County, Texas.

 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Garza


Memorandum Opinion by Justice Garza



 Appellant, Alessandra Penna, was charged by indictment with two counts of
aggravated robbery, a first degree felony, and one count of intentionally or knowingly
causing bodily injury to an elderly individual, a third degree felony. (1) See Tex. Penal Code
Ann. § 22.04(a)(3) (Vernon Supp. 2009), § 29.03(a)(2) (Vernon 2003). Penna pleaded
guilty to the offenses on April 27, 2007 and was placed on deferred adjudication
community supervision for a period of ten years. See Tex. Code Crim. Proc. Ann. art.
42.12, § 5(a) (Vernon Supp. 2009). On June 2, 2009, the State filed a motion to revoke
Penna's community supervision, alleging that she had committed six different violations of
the terms of her community supervision. Penna pleaded "true" to four of the allegations
contained in the motion. She was then adjudicated guilty of the underlying offenses, and
was sentenced to thirty years' imprisonment for each of the the aggravated assault counts
and ten years' imprisonment for the injury to an elderly individual count, with the sentences
ordered to run concurrently. The trial court certified Penna's right to appeal, and this
appeal followed. We affirm.

I. Anders Brief

 Penna's court-appointed appellate counsel has filed a motion to withdraw and a
brief in support thereof in which he states that he has diligently reviewed the entire record
and that there are "no non-frivolous issues" that can be raised on appeal. See Anders v.
California, 386 U.S. 738 (1967). Counsel discusses five issues that could be potentially
raised on appeal: (1) that the trial judge should have been disqualified due to an alleged
relationship with one of the victims; (2) that the evidence was insufficient to support the
State's allegation, made in its motion to revoke, that Penna was associated with a gang;
(3) that the evidence was insufficient to support the State's allegation, made in its motion
to revoke, that Penna possessed a switchblade; (4) that the trial court erred by failing to
appoint new counsel for purposes of the revocation hearing; and (5) that Penna was
afforded ineffective assistance by her trial counsel. Penna's appellate counsel concludes,
however, that these five issues lack merit and that any appeal in this case would be
frivolous. Counsel's brief therefore meets the requirements of Anders as it presents a
professional evaluation showing why there are no arguable grounds for advancing an
appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), counsel has carefully discussed why, under controlling authority, there are no errors
in the trial court's judgment. Counsel has informed this Court that he has (1) examined the
record and has found no arguable grounds to advance on appeal, (2) served a copy of the
brief and motion to withdraw on Penna, and (3) informed Penna of her right to review the
record and to file a pro se response. (2) See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d
at 510 n.3. More than an adequate time has passed, and no pro se response has been
filed.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the record and find that the appeal is wholly frivolous
and without merit. See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005)
("Due to the nature of Anders briefs, by indicating in the opinion it considered the issues
raised in the brief and reviewed the record for reversible error but found none, the court of
appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); Stafford, 813
S.W.2d at 509. Accordingly, we affirm the judgments of the trial court.

III. Motion to Withdraw

 In accordance with Anders, Penna's counsel has filed a motion to withdraw. See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery
v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no pet.) ("If an attorney believes
the appeal is frivolous, he must withdraw from representing the appellant. To withdraw
from representation, the appointed attorney must file a motion to withdraw accompanied
by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We
grant the motion to withdraw.

 We further order counsel to, within five days of the date of this opinion, send a copy
of the opinion and judgment to Penna and advise her of her right to file a petition for
discretionary review. (3) See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at
412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


 ________________________

 DORI CONTRERAS GARZA,

 Justice


Do Not Publish.

Tex. R. App. P. 47.2(b)

Delivered and filed the

12th day of August, 2010.
1. In appellate cause number 13-09-00509-CR, Penna appeals the trial court's judgment in trial court
cause number 07-CR-0454-B, adjudicating her guilty of one count of aggravated robbery and one count of
causing injury to an elderly individual. In appellate cause number 13-09-00510-CR, Penna appeals the trial
court's judgment in trial court cause number 07-CR-0539-B, adjudicating her guilty of one additional count of
aggravated robbery.
2. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
3. No substitute counsel will be appointed. Should Penna wish to seek further review of this case by
the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3, 68.7. Any petition for
discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.